**Billy Ray O'NEAL, Plaintiff–Appellant,**

v.

**COUNTY OF SAN FRANCISCO; R. Reymundo, Deputy Sheriff; Gorwood, Lt. Sheriff; Camarra, Deputy Sheriff, Defendants–Appellees.**

No. 12–15849.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 10, 2014.

Filed April 22, 2014.

Billy Ray O'Neal, San Francisco, CA, pro se.

Douglas J. Beteta, Morrison & Foerster LLP, Los Angeles, CA, George Clark Harris, Morrison & Foerster LLP, San Francisco, CA, for Plaintiff–Appellant.

Christine Van Aken, Deputy City, Duncan Carling, San Francisco City Attorney's Office, San Francisco, CA, for Defendant–Appellee.

Before: SILVERMAN, W. FLETCHER, and BYBEE, Circuit Judges.

* This disposition is not appropriate for publication and is not precedent except as provided

MEMORANDUM *

Appellant Billy Ray O'Neal appeals from the district court's judgment dismissing his 42 U.S.C. § 1983 action for failure to exhaust administrative remedies. We have jurisdiction under 28 U.S.C. § 1291. Our review is de novo, *Sapp v. Kimbrell*, 623 F.3d 813, 821 (9th Cir.2010), and we affirm.

The district court properly dismissed O'Neal's complaint because O'Neal admits that he did not attempt to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act ("PLRA"). *See* 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 739–41, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001) (holding that exhaustion of available administrative remedies is mandatory under the PLRA). O'Neal's contention that his claim should be exempt from the PLRA's exhaustion requirement fails because there is no evidence that the jail's grievance procedures were unavailable. Instead, the evidence shows that O'Neal filed a citizen's complaint—despite his fear of retribution—and that he was represented by a lawyer who could have assisted him with his grievance. *See Woodford v. Ngo*, 548 U.S. 81, 85, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006).

**AFFIRMED.**